AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PEPSICO DO BRASIL, LTDA,           )
                                   )
                  Plaintiff,       )
                                   )
     v.                            )    No.   05 C 5810
                                   )
OXY-DRY CORPORATION,               )
                                   )
                  Defendant.       )

MEMORANDUM ORDER

Because counsel for defendant Oxy-Dry Corporation ("Oxy-Dry") are experienced federal practitioners, it is particularly distressing to have received the January 20, 2006 Answer filed by them in response to the Complaint brought against Oxy-Dry by Pepsico Do Brasil, Ltda.[1]  This memorandum order is issued sua sponte to require defense counsel to return to the drawing board to produce a more suitable pleading.

To begin with, counsel have simply ignored this District Court's universally-known LR 10.1, which requires every responsive pleader to set out each allegation of the complaint (ordinarily done in haec verba) immediately before stating defendant's response to that allegation.  That requirement has the salutary purpose and effect of permitting the reader to see just what is and just what is not being placed in issue, without

_____

     [1]  Indeed, the errors addressed in this sua sponte memorandum order are even less understandable, given this Court's December 20, 2005 granting of defense counsel's motion for an extra 30 days within which to file Oxy-Dry's responsive pleading. Counsel had far more than ample time to avoid such glitches.

having to flip back and forth between two separate pleadings.

Next, Oxy-Dry cannot properly decline to answer Complaint ¶1 on the false premise that "the allegations therein are not directed at this Defendant."  In addition to that assertion's being quite meaningless in a single-defendant case such as this one, it directly flouts the directive set out in the first sentence of Fed. R. Civ. P. ("Rule") 8(b).

Not content with that omission, Oxy-Dry's counsel also impermissibly refuses to answer the allegations in Complaint ¶¶3 and 4, Count I ¶8 and Count III ¶8.  Contrary to counsel's assertion in those paragraphs of the Answer, conclusions of law are a perfectly appropriate component of federal pleading (see App. ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).  And things are made no better by counsel's adding a meaningless request for "strict proof," whatever that may be (see App. ¶1 to State Farm).

For the reasons stated here,[2] the entire Answer is stricken, but with leave granted to file a self-contained Amended Answer on or before February 3, 2006.  And because the errors identified in this order are clearly ascribable to counsel and not to their client, no charge is to be made for the time and expense involved

---

[2]  No view is of course expressed here as to the substance of Oxy-Dry's actual responses, such as whether the pervasive denials that make up much of the Answer can be advanced in the objective good faith required of every pleader under Rule 11(b).

in generating the new pleading. Relatedly, Oxy-Dry's counsel are ordered to transmit a copy of this order to their client and to transmit to this Court's chambers (as an informational matter, not for filing) a copy of their letter advising Oxy-Dry that no charge will be made for the revision.

Milton I. Shadur
Senior United States District Judge

Date:   January 25, 2006