IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PEPSICO DO BRASIL, LTDA,            )
                                     )
                Plaintiff,           )
                                     )
     v.                              )    No.  05 C 5810
                                     )
OXY-DRY CORPORATION,                 )
                                     )
                Defendant.           )

## MEMORANDUM ORDER

Oxy-Dry Corporation ("Oxy-Dry") has filed a motion to compel Pepsico do Brasil, Ltda ("Pepsico") to produce various of its witnesses in this geographic forum rather than in Brazil, where the witnesses reside.  Although the Pepsico response to that motion is not due until February 15, this memorandum order is issued now to address a different--and possibly fatal--problem that has been uncovered by the current motion.

According to Pepsico's Supplemental Answers to Supplemental Interrogatories to Plaintiff (Motion Ex. B), Pepsico is suing on behalf of a number of insurers who made payments on account of Pepsico's claimed loss and are hence subrogated to the extent of those payments:  Brazilian Reinsurance Institute/Mapfre, FM Global (Factory Mutual Insurance Company), Lexington Insurance Company, Axis Specialty Insurance Company, HDI Insurance Company, International Insurance Company of Hanover RE, Lloyds and Axis Bermuda Insurance Company.  Those companies are "real parties in interest" (see Fed. R. Civ. P. ["Rule"] 17), and that being so

their citizenship is also relevant for diversity purposes (the predicate for Pepsico's having invoked federal jurisdiction here.

In that respect, this Court first applied that principle more than two decades ago in State Sec. Ins. Co. v. Frank B. Hall & Co., 109 F.R.D. 99 (N.D. Ill. 1986).[1] And even if Pepsico is itself a real party in interest (something this is frequently the case in an action brought by an insured that has not been fully covered by its insurer because of a retention provision), 4 Moore's Federal Practice §17.13[2][b][i](3d ed. 2007)(emphasis in original, and citing Seventh Circuit authority as well as cases decided elsewhere) confirms that the insurers' citizenship is also relevant:

> In suits brought by a statutorily defined real party on behalf of someone else, the citizenship of the represented and not the representative controls. Although the legal representative is the real party in interest, that party is deemed to have the citizenship of the one represented in the action.

Because it had been assumed by the parties, as reflected in Pepsico's Complaint, that it (a Brazilian corporation) was the only relevant entity on the plaintiff's side of the v. sign, all that Complaint ¶2 and Oxy-Dry's Answer identified was the location of Oxy-Dry's principal place of business in Illinois.

---

[1] As in this case, that action had been pending for some years before a filing on another motion first revealed the real-party-in-interest problem. But subject matter jurisdiction being what it is, this Court was obligated to raise the matter sua sponte.

2

And until now this Court had no reason to believe otherwise--but now the situation has changed dramatically.

Accordingly, what is needed to be provided by the respective parties in advance of the February 15 due date of Pepsico's response to the current Oxy-Dry motion are the facts as to the corporate citizenship of all of the insurers as well as of Oxy-Dry itself under 28 U.S.C. §1332(c)(1). In addition, because "Lloyds" has been identified as one of the insurers, it seems highly likely that its presence may destroy diversity (see, e.g., this Court's opinion in <u>Certain Underwriters at Lloyd's, London v. P.J.T., Inc.</u>, No. 96 C 3628, 1996 WL 370081 at *1-*2 (N.D. Ill. June 27) and, just under two years later, our Court of Appeals' identical ruling in <u>Indiana Gas Co. v. Home Ins. Co.</u>, 141 F.3d 314, 316-19 (7th Cir. 1998)).

_____
Milton I. Shadur
Senior United States District Judge

Date: February 4, 2008