```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

PEPSICO DO BRASIL, LTDA,         )
                                 )
              Plaintiff,         )
                                 )
    v.                           )      No.  05 C 5810
                                 )
OXY-DRY CORPORATION,             )
                                 )
              Defendant.         )
```

MEMORANDUM OPINION AND ORDER

This major commercial dispute, at least nominally between Pepsico do Brasil, Ltda ("Pepsico") and Oxy-Dry Corporation ("Oxy-Dry"), has been pending in this District Court under the claimed auspices of its diversity jurisdiction for nearly two and one-half years. But when an Oxy-Dry motion to compel the production of various witnesses in this geographic forum rather than in Brazil, where the witnesses reside, was brought before this Court, what figuratively jumped off the pages of the motion were facts that raised a question as to the existence of subject matter jurisdiction.

Both because the absence of subject matter jurisdiction is an issue that may--indeed must--be raised at any time (even as late as post-judgment) and because it is this Court's obligation to police subject matter jurisdiction sua sponte (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)), this Court promptly issued a February 4 memorandum order drawing the matter to the attention of both parties' counsel and requesting further input

as to the insurers on whose behalf Pepsico is suing by reason of their having made payments on account of Pepsico's claimed loss (hence creating a subrogation status to the extent of those payments). Pepsico's counsel has just as promptly responded by filing Plaintiff's Jurisdictional Statement, providing the requested information and urging that no jurisdictional flaw exists.

In that respect this Court must plead guilty to having started Pepsico's counsel down the wrong path by the fact that it followed its reference to the subrogated insurers as being "real parties in interest" by insertion of a parenthetical citation to Fed. R. Civ. P. ("Rule") 17. That has led to a response by Pepsico that emphasizes that whether a plaintiff is the "real party in interest" for purposes of suit (which is the Rule 17(a) focus) is determined in diversity cases under state substantive law. Under such cases as <u>Orajel York Int'l Corp.</u>, 287 Ill.App.3d 592, 678 N.E.2d 683 (1st Dist. 1997) and <u>Scheibel v. Groeteka</u>, 183 Ill.App.3d 120, 538 N.E.2d 1236 (5th Dist. 1989), Pepsico's partial financial interest (its Jurisdictional Statement identifies a $600,000 deductible that it had to bear) means that it can maintain this action in its name.

But that assertion impermissibly conflates the identity of the proper plaintiff (a procedural rather than a jurisdictional matter, for the Rules cannot of course override statutory law)

2

with the question of what entity or entities factor into the diversity equation. In the latter respect, see Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 462 n.9 (1980) and, more particularly, the extended and insightful discussion in Betar v. DeHavilland Aircraft of Canada, Ltd., 603 F.2d 30, 32-35 (7th Cir. 1979)).

It has long been established that the citizenship of a subrogee is material, but not the sole factor to be considered, when subject matter jurisdiction is sought to be invoked in diversity terms. As United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 380-81 (1949)(citation omitted) has explained:

> If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

Although total subrogation (which is absent here) results in focusing solely on the subrogee's citizenship for diversity purposes, partial subrogation forces a look at both subrogee and subrogor--that is the teaching in Aetna Cas. (see also Pickard v. Wis. Central, Ltd., 300 F.Supp.3d 776, 778 (W.D. Wis. 2002)).

In this instance Pepsico's counsel identifies Brazilian insurer MAPFRE Insurance Company as having issued the relevant policy, but it then goes on to identify eight other insurers who also shared the risk (presumably through reinsurance). All of

3

them are subrogees pro tanto, and one of them (Lexington Insurance Company) is a Delaware corporation that shares Oxy-Dry's corporate citizenship under 28 U.S.C. §1332(c)(1).

With regret, then--both because of the late emergence of the jurisdiction-defeating information and because of the investment in time and effort expended by the parties to date--this Court is constrained to dismiss this action for lack of subject matter jurisdiction.[1] It is hoped, however, that such dismissal does not portend a total waste of the litigants' activity to this point, for as and when Pepsico may proceed again in a state court of competent jurisdiction it will be in both parties' interest to treat all of the discovery to this point as usable in that new litigation.

_____
                               Milton I. Shadur
                               Senior United States District Judge

Date:  February 15, 2008

---

[1] That dismissal triggers the denial on mootness grounds of the Oxy-Dry motion (Dkt. 42) referred to in the first paragraph of this opinion.

4